FARBENFABRIKEN OF ELBERFELD CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 16, 1900.)

No. 2,872.

CUSTOMS DUTIES—CLASSIFICATION—COAL-TAR DYES.

The term "artificial alizarin," as used in tariff acts, has acquired a definite meaning, by which it is limited to such dyestuffs as are derived from anthracin; and colors known as alizarin blacks and browns, which are not so derived, although they respond fully to the alizarin tests, are not within paragraph 469 of the free list of the tariff act of 1897, but are dutiable under paragraph 15, as coal-tar dyes or colors not specially provided for.

Appeal by the importers from a decision of the board of general appraisers which affirmed the classification for duty by the collector of the merchandise in question.

Dickerson & Brown, for importers.
Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question comprises certain colors known as alizarin blacks and browns, classified for duty at 30 per cent. ad valorem under the provisions of paragraph 15 of the act of 1897, as "coal-tar dyes or colors, not specially provided for in this act," and claimed to be free under

paragraph 469 of said act, as "alizarin, natural or artificial, and dyes derived from alizarin or from anthracin." The evidence shows that the blacks in question are not derived from anthracin, and do not contain the anthracin nucleus; that the browns do contain the anthracin nucleus, but are not made from anthracin. Both dyes respond fully to the tests applied to alizarin colors. The single question of law presented is whether this paragraph of the free list applies to such dyes or colors. Counsel for the importers contends that these dyes are included within the term "artificial alizarin." His reasoning is that, as artificial alizarin is "a dye derived from anthracin," it is therefore free as such. He contends that, in order to give any effect to the word "artificial," it must be held to include other colors, such as those in question, which, while not natural alizarin, or the artificial alizarin derived from anthracin, yet are alizarin in the sense that they respond to all the alizarin tests. The answer to this contention is found in the fact that in the literature of the subject, the various tariff acts, and the discussions of the question by the courts, it conclusively appears that the term "artificial alizarin" has acquired a definite, fixed meaning, by which it is limited to such dyestuffs as are derived from dioxyanthraquinone, which is derived from anthracin. There is no longer any such article as natural alizarin. There being no question of commercial designation in this case, the mere fact that the dyes may correspond in test to artificial alizarin is not sufficient to make them artificial alizarin in fact. Another aspect of this question is discussed in Pickhardt v. Merritt, 10 Sup. Ct. 80, 33 L. Ed. 353, where it is conceded that such dyes are not artificial alizarin. The decision of the board of general appraisers is therefore affirmed.