FARBENFABRIKEN OF ELBERFELD CO. v. UNITED STATES.

(Circuit Court, S. D. New York.　January 16, 1900.)

No. 2,871.

CUSTOMS DUTIES—CLASSIFICATION—COAL-TAR DYES.

Coal-tar colors or dyes which are not derived from anthracin are not "artificial alizarin," within the meaning of paragraph 368 of the free list of the tariff act of 1894, although they respond to all the alizarin tests, but are dutiable under paragraph 14, as "coal-tar colors or dyes, by whatever name known, and not specially provided for."

Appeal by the importers from a decision of the board of general appraisers which affirmed the classification for duty by the collector of the merchandise in question.

Dickerson & Brown, for importers.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question comprises certain colors, assessed for duty at 25 per cent. ad valorem under the provisions of paragraph 14 of the act of 1894, as "coal-tar colors or dyes, by whatever name known, and not specially

provided for in this act," and claimed to be exempt from duty under paragraph 368 of said act, as "alizarin, natural or artificial." These dyes are claimed to be artificial alizarin in the sense that while they are not derived from alizarin or anthracin, and are not chemically alizarin, they are known generally as alizarin colors, and correspond to the tests applied to determine alizarin colors. But counsel for the government shows that in the literature relating to these colors, and by repeated decisions of the courts, the term "artificial alizarin" has been applied to designate only dyes or colors derived from dioxyanthraquinone, a product of coal tar, and that no other color responding to the same tests, but not derived from anthracin, was intended by congress to be included within said term. U. S. v. Sehlbach, 33 C. C. A. 277, 90 Fed. 799; Cochrane v. Fabrik, 111 U. S. 293, 4 Sup. Ct. 455, 28 L. Ed. 433. The question of commercial designation discussed in Selbach v. U. S. (C. C.) 78 Fed. 803, does not arise under this tariff act. In view of this well-understood meaning during such a long period, I think congress must be presumed to have intended to say, not that any and all colors which responded to the alizarin tests, so-called, should be admitted free of duty, but that only those dyestuffs or colors derived from anthracin should be thus admitted. This question is further discussed in Farbenfabriken of Elberfeld Co. v. U. S. (No. 2,872) 99 Fed. 553. The decision of the board of general appraisers is affirmed.